IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

SCIELINDA MUSTEEN                                          PLAINTIFF

        v.                    CASE NO. 5:18-CV-5083

NANCY A. BERRYHILL, Commissioner
Social Security Administration                            DEFENDANT

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, Scielinda Musteen, brings this action pursuant to 42 U.S.C. § 405(g) seeking

judicial review of a decision of the Commissioner of the Social Security Administration

(Commissioner) denying her application for disability insurance benefits (DIB) under Title II

of the Social Security Act.  (Doc. 1).  The Defendant filed an Answer to Plaintiff's action on

August 10, 2018, asserting that the findings of the Commissioner were supported by substantial

evidence and were conclusive. (Doc. 8).

On October 5, 2018, the Commissioner, having changed positions, filed an unopposed

motion requesting that Plaintiff's case be remanded pursuant to "sentence four" of section

405(g) in order to conduct further administrative proceedings.  (Doc. 12).

The exclusive methods by which a district court may remand a social security case to

the Commissioner are set forth in "sentence four" and "sentence six" of 42 U.S.C. § 405(g).  A

remand pursuant to "sentence six" is limited to two situations: where the Commissioner

requests a remand before answering the complaint, or where the court orders the Commissioner

to consider new, material evidence that was for good cause not presented before the agency.

The fourth sentence of the statute provides that "[t]he court shall have power to enter, upon the

pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g); <u>Shalala v. Schaefer</u>, 509 U.S. 292, 296, 113 S.Ct. 2625 (1993).

Based on the foregoing, the Court recommends remand pursuant to sentence four for the purpose of the ALJ to further evaluate the evidence appropriate. **The parties have fourteen days from receipt of our report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 10th day of October, 2018.

/s/ *Erin L. Wiedemann*
HON. ERIN L. WIEDEMANN
UNITED STATES MAGISTRATE JUDGE